**Francis C. O'NEILL and Aetna Casualty Company**

v.

**UNITED STATES of America, Defendant,**

v.

**AMBROSE–AUGUSTERFER CORP., Third-Party Defendant.**

**Civ. A. No. 33980.**

United States District Court
E. D. Pennsylvania.

Nov. 20, 1967.

Leonard Levin, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., James C. Lightfoot, Asst. U. S. Atty., for defendant.

David Kaliner, Philadelphia, Pa., for third-party defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN W. LORD, Jr., District Judge.

After a trial before the Court without a jury, in a personal injury action for damages resulting out of an injury to a worker sustained while working on federal property, upon pleadings and proof, the Court makes the following:

### FINDINGS OF FACT

1. Plaintiff, Francis C. O'Neill, is a steam fitter, a member of the Local Steam Fitters Union, and a resident of Philadelphia, Pennsylvania.

2. The defendant, United States of America, on September 28, 1962 was the owner and operator of the Post Office Building located at 30th and Market Streets, Philadelphia, Pennsylvania.

3. On September 28, 1962, the third-party defendant, Ambrose-Augusterfer Corp., was the subcontractor under the prime contractor, Wark and Company, for the installation of air conditioning equipment at the Post Office Building at 30th and Market Streets.

4. On Septemer 28, 1962, the plaintiff was employed by the third-party defendant as a steam fitter and was engaged in cutting a hole through the third floor of the Post Office Building, and at that time was engaged in the scope of his employment lawfully being on the said third floor as a business visitor engaged in the performance of the said subcontract.

5. In connection with this occupancy and control of the third floor of the said Post Office Building, the defendant maintained and operated a mail conveyor belt system that was in operation on or about September 28, 1962 in close proximity to the area in which plaintiff was working.

6. The plaintiff was on September 28, 1962 engaged in cutting a hole with an electric hammer or drill at a point between the conveyor belt and the west wall of the Post Office Building on the third floor.

7. Plaintiff was within a class of persons whom the defendant knew, or should have known, was working in the immediate vicinity of the conveyor belt.

8. The plaintiff's left hand was injured as a result of the physical intrusion of his hand into the operating machinery of the conveyor belt system.

9. While an owner or possessor of property has a duty to warn and/or protect business invitees from dangerous conditions on the premises, there is nothing inherently or latently dangerous about the mail conveyor belt.

10. Defendant had no reason to believe that plaintiff's working next to the conveyor belt constituted an unreasonable risk due to the nature of the belt.

11. Neither the plaintiff nor the third-party defendant made any request to any responsible post office official to have the conveyor belt shut down while plaintiff was drilling the hole.

12. The responsible officials of the post office department through their liaison man with the contractors or subcontractors or through some other responsible personnel would have shut down the conveyor belt while the plaintiff was

**726**

working in close proximity thereto had a proper request been made.

13. Even had the conveyor belt been a dangerous device and even had defendant been held to reasonably anticipate that plaintiff's working next to it would create an unreasonable risk of harm to him, plaintiff was an experienced steam fitter and at the time of the accident was not using his drill or hammer in a safe manner.

14. Plaintiff had every reason to believe that the concrete floor he was drilling through was reinforced at the depth at which it was in this case and that in drilling through the reinforced concrete floor he might meet anticipated obstruction which could cause the hammer to "kick" and throw him off balance.

15. Plaintiff did not take adequate protection and safeguards to meet the above contingency.

16. The third-party defendant, Ambrose-Augusterfer Corp., is negligent in failing to take the necessary precautions to prevent injury to the plaintiff.

## CONCLUSIONS OF LAW

1. This is an action brought under the Federal Tort Claims Act.

2. Pennsylvania law as regards negligence and contributory negligence is applicable here.

3. This Court has both jurisdiction and venue.

4. The defendant, United States of America, was not negligent and did not breach any duty owed to the plaintiff.

5. The plaintiff, Francis C. O'Neill, was contributorily negligent.

6. Although third-party defendant was negligent, since defendant is not liable to plaintiff, third-party defendant cannot be held liable over to defendant-third-party plaintiff.

7. Judgment is hereby entered in favor of defendant, United States of America, as against plaintiff, Francis C. O'Neill, and in favor of third-party defendant, Ambrose-Augusterfer Corp., as against defendant-third-party plaintiff.

## ADDENDUM

If, on appeal, it should subsequently be determined that plaintiff is entitled to recover damages from the defendant, in that event I make the following additional findings of fact on the question of damages:

1. The plaintiff is totally unemployable.

2. The plaintiff is 55 years of age and has a work expectancy of ten (10) years.

3. For a period of three years and nine months prior to the accident, the plaintiff made an average of $5,453.76 a year.

4. From the time of the accident (September 28, 1962) and the time of trial (October 23, 1967), a period of five years and one month, the plaintiff suffered a total loss of earnings of $32,940.-25. From this should be deducted admitted earnings from other employment during the years 1963 and 1964 in the sum of $7,369.00, making a net loss in earnings of $25,571.25 in full.

5. For future loss of earnings, earning power, or earning capacity, reduced to present worth at 3%, plaintiff should be awarded the sum of $46,520.57. I have not considered any deduction for one and one-half years plaintiff was confined to a sanitarium for tuberculosis.

6. Plaintiff incurred the following medical expenses which have been proven reasonable and necessary:

| | |
|---|---|
| Dr. William Cassidy | $ 75.00 |
| St. Mary's Hospital | 20.00 |
| University of Penna. Hospital | 908.35 |
| Dr. Herndon B. Lehr | 250.00 |
| Total | $1,253.35 |

7. Damages for pain and suffering, permanent disfigurement, loss of life's pleasures, loss of physical functions, embarrassment, inconvenience, are assessed at $25,000.00.

8. The total damages as assessed above are $98,345.17.